**Richard L. HARRIS, Plaintiff,**

**v.**

**John E. POTTER Postmaster General, United States Postal Service, Defendant.**

**No. CIV.A.02–1491(EGS).**

United States District Court, District of Columbia.

Feb. 26, 2004.

Lisa Lyons Ward, Ellicott City, MD, for Richard L. Harris, Plaintiff.

Marina Utgoff Braswell, U.S. Attorneys Office for the District of Columbia, Washington, DC, for John E. Potter, Postmaster General, Defendant.

## MEMORANDUM OPINION

SULLIVAN, District Judge.

### I. Introduction

Plaintiff, Richard Harris, alleges that the United States Postal Service discrimi-

nated against him in violation of Title VII, 42 USC §§ 2000(e) et seq., on the basis of race (African American), color (light brown), sex (male), reprisal (participated in prior Equal Employment Opportunity (EEO) activity) and disability. Defendant in this action is Postmaster General, John E. Potter.

## II. Factual Background

Plaintiff is employed by the Postal Service as a custodian in Washington, D.C. On April 25, 2000, plaintiff received a Letter of Warning for Failure to Meet Attendance Requirements from his supervisor, Kevin Bell. The letter cited several unscheduled absences between January and March 2000. On the same day, plaintiff filed a grievance challenging the Letter of Warning. Also on the same day, plaintiff, his representative, and Bell entered into a "Grievance Resolution" which would hold the Letter in abeyance for 90 days provided that if plaintiff's attendance improved, the Letter would be removed from all plaintiff's records. After 90 days the Letter was removed from all of plaintiff's records.

On August 21, 2000, Harris filed an EEO complaint alleging that he was discriminated against on the basis of color (light brown) and sex (male) when "Management disciplined employee for using family and medical leave due to wife's illness. Other employees of the Wash DC Post office is [sic] treated different whereas they are allowed to use FML without discipline." For relief sought, plaintiff requested that "The Letter of Warning rescinded and removed from all records from date of issue. Be allowed under law to use family & medical leave. $100,000.00 for [sic] pensatory damages; no reprisal."

In October 2000, defendant dismissed plaintiff's complaint as moot. By a decision dated April 25, 2001, the U.S. Equal Employment Opportunity Commission reversed defendant's decision and remanded the complaint for further processing on plaintiff's claim for compensatory damages. The Commission determined that because Harris had made a claim for compensatory damages, his claim was not moot even though the Letter had been removed from his file.

On February 5, 2002, the Administrative Judge issued a notice to the parties for summary judgment. On April 18, 2002, the Administrative Judge issued a decision dismissing plaintiff's complaint on summary judgment. The Administrative Judge concluded that plaintiff failed to offer evidence that created an inference of discrimination on the basis of color or gender. The Postal Service issued a Notice of Final Action on April 25, 2002.

## III. Standard of Review

When considering a Motion to Dismiss, the Court construes the facts in the complaint as true and construes all reasonable inferences in the light most favorable to the plaintiff. *See Swierkiewicz v. Sorema,* 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). A Motion to Dismiss is granted and the complaint dismissed only if no relief could be granted on those facts. *See Sparrow v. United Air Lines Inc.,* 216 F.3d 1111, 1114 (D.C.Cir.2000).

## IV. Discussion

Defendant moves to dismiss the claim on the grounds that (1) aspects of the claim were not properly raised and exhausted at the administrative level; (2) plaintiff failed to state a claim of discrimination; and (3) this issue has already been settled pursuant to a Grievance Resolution. Because plaintiff has failed to state a claim of discrimination, the Motion to Dismiss will be granted and the complaint will be dismissed.

## A. Failure to State a Claim of Discrimination with Respect to the Letter of Warning

 Plaintiff bears the burden of establishing a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To state a prima facie case of discrimination based on color, race or sex, a plaintiff must establish by a preponderance of evidence that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; and (3) other similarly situated employees from outside of his protected class were not subject to the adverse employment action. *See McDonnell Douglas v. Green,* 411 U.S. 792, 802–5 n. 13, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To state a prima facie case of retaliation under Title VII, a plaintiff must establish that: (1) he engaged in statutorily protected activity; (2) defendant took an adverse personnel action; and (3) a causal connection existed between the protected activity and the adverse personnel action. *Mitchell v. Baldrige,* 759 F.2d 80, 86 (D.C.Cir.1985). To establish a claim in either case, plaintiff must establish that an adverse personnel action took place. *Russell v. Principi,* 257 F.3d 815 (D.C.Cir. 2001). Here, plaintiff cannot establish the existence of an adverse employment action.

Courts in this Circuit have held that formal letters of admonishment and disciplinary notices that have no effect on an employee's grade or salary level do not constitute adverse employment action. *See Brown v. Brody,* 199 F.3d 446, 458 (D.C.Cir.1999) (letters of admonishment not an adverse employment action); *Walker v. Washington,* 102 F.Supp.2d 24, 29 (D.D.C.2000) (disciplinary notice not an adverse employment action).

 To establish an adverse personnel action in the absence of diminution in pay or benefits, plaintiff must show an action with "materially adverse consequences affecting the terms, conditions, or privileges of employment." *Brown,* 199 F.3d at 457. In this case, the Letter of Warning at issue does not constitute an adverse employment action because plaintiff has failed to allege that the discipline directly affected his job title, duties, salary, benefits or work hours in any material matter. Moreover, the disciplinary Letter of Warning was rescinded shortly after it was issued. Thus, there is no basis to conclude that a rescinded Letter of Warning has left a lasting effect on either the plaintiff's present or future position or his pocketbook.

 Although defendant did not make this argument, a survey of the case law shows that the adverse employment action requirement was the same for discrimination claims under the Family Medical Leave Act as for discrimination claims under Title VII. While the D.C. Circuit has not directly confronted this issue, the First, Fifth, Seventh, and Tenth Circuits have required the same adverse employment action under FMLA. *Hodgens v. General Dynamics Corp.,* 144 F.3d 151 (1st Cir.1998), *Chaffin v. John H. Carter Co.,* 179 F.3d 316 (5th Cir.1999), *King v. Preferred Technical Group,* 166 F.3d 887 (7th Cir.1999), *Morgan v. Hilti Inc.,* 108 F.3d 1319 (10th Cir.1997).

Instead of responding to these arguments, plaintiff states that he intends to amend his complaint to state that he seeks only to have the issue of his claim for compensatory damages adjudicated.[1]

Yet, even if plaintiff were to amend his complaint, it would be of no consequence because the issue of compensatory dam-

---

**1.** As of February 26, 2004, plaintiff has yet to amend his Complaint.

ages only arises after an adverse personnel action has been identified and there has been a finding of liability. 42 USC § 2000e-(16). The Commission remanded plaintiff's claim to the agency to address the issue of compensatory damages because the agency dismissed plaintiff's discrimination claim on mootness grounds. The Commission was correct that the mere dismissal of a Title VII claim as moot does not necessarily dispose of the claim for damages. Otherwise, an agency could engage in an adverse personnel action, rescind it when a claim arises, and attempt to escape liability for compensatory damages. But here, the agency found that there was no adverse personnel action, so the question of compensatory damages does not arise.

### B. Dismissal of a Settled Claim is Warranted

■ It is undisputed that plaintiff's Letter of Warning was rescinded based on the settlement with the Postal Service. Even viewing the facts in the light most favorable to plaintiff, dismissed Letters of discipline are not adverse employment actions. *Koschoff v. Henderson,* Civil Action No. 98–2736, 1999 U.S. Dist. Lexis, 16184, *42–43 (E.D.P.A.1995). In so holding, the court considered that the resurrection of a settled claim would run afoul of "the established principle that one who agrees to settle [his] claim cannot subsequently seek both the benefit of the settlement and the opportunity to press the claim [he] agreed to settle." *Id.* Plaintiff's settlement of this charge bars him from asserting that the same facts constitute an adverse employment action.

### V. Conclusion

Because there is no basis on which the Court could grant relief, this case must be dismissed.

### ORDER

Pursuant to the Memorandum Opinion entered this same day and for all the reasons contained therein, it is by the Court, hereby,

**ORDERED** that defendant's Motion to Dismiss is **GRANTED**; and it is

**FURTHER ORDERED** that this case shall be removed from the active calendar of this Court.